**IT IS ORDERED as set forth below:**



**Date: June 24, 2019**

*Paul W Bonapfel*
_____

**Paul W. Bonapfel
U.S. Bankruptcy Court Judge**

_____

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## ROME DIVISION

| | |
|---|---|
| IN RE: | |
| MARIE RENE LAFOREST, | CASE NO. 19-40044-PWB |
| Debtor. | |
| | CHAPTER 13 |
| MARIE RENE LAFOREST, | |
| Plaintiff, | |
| | ADVERSARY PROCEEDING |
| v. | NO. 19-4011-PWB |
| BRANCH BANKING AND TRUST COMPANY, | |
| Defendant. | |

**ORDER**

On December 4, 2018, Branch Banking and Trust Company (the "Defendant") foreclosed on the Debtor's residence. The Debtor contends that the foreclosure was wrongful and seeks rescission of the foreclosure and monetary damages under state and federal nonbankruptcy law. The Defendant has moved to dismiss the complaint because it fails to state any claim upon which relief may be granted and, as a result, must be dismissed. For the reasons stated herein, the motion is granted in part and denied in part.

## I.   FACTUAL BACKGROUND

The facts are simple.[1] The Debtor and Jean-Vlaidmir Tassey, a nonfiling codebtor, owned a house located at 105 Oscar Court, Dallas, Paulding County, Georgia (the "Property"). In November 2018 the Defendant advertised for a foreclosure sale under its security deed on the Property on December 4. The Debtor alleges that, a week prior to the scheduled foreclosure sale, an agent of the Defendant told her on the telephone that the foreclosure sale would not occur. (Complaint, Doc. 1, ¶¶ 10,12).

On December 4, 2018, the Defendant conducted a foreclosure sale on the Property and was the high bidder at the sale with a bid of $182,250. (Defendant's

---

[1] Because the Complaint's factual assertions are minimal, the Court cites to additional uncontested facts contained in the Debtor's bankruptcy schedules and the Defendant's motion and exhibits.

2

Motion to Dismiss, Doc. 6, Exhibit E at 2). The Defendant recorded its Deed Under Power on January 8, 2019. (*Id.*).

On January 6, 2019, the Debtor filed a petition for relief under chapter 13. (Bankr. Case No. 19-40044-pwb, Doc. 1). The Debtor's schedules list a value of the Property as $186,350 with a secured debt owed to the Defendant of $243,741. (Bankr. Case No. 19-40044-pwb, Doc. 20, Scheds. A and D). The Debtor's plan proposes to cure arrears and maintain postpetition payments owed to the Defendant. (Bankr. Case No. 19-40044-pwb, Doc. 18, § 3.1). The Debtor's plan states, "Debtor will file an adversary proceeding to resolve secured status of residence and wrongful foreclosure." (Bankr. Case No. 19-40044-pwb, Doc. 18, § 8.1).

The Debtor's complaint asserts causes of action for wrongful foreclosure (Count I); violations of the Real Estate Settlement Procedures Act ("RESPA"), the Home Affordability Modification Program ("HAMP"), the Troubled Asset Relief Program ("TARP"), and the Emergency Economic Stabilization Act of 2008 ("EESA") (collectively, Count III);[2] breach of contract (Count IV); failure to act in good faith and to deal fairly (Count V); failure to strictly comply with Georgia's foreclosure procedure (Count VI); and equitable rescission/determination of secured status (Count VII). The Debtor asserts these are core proceedings under 28 U.S.C. § 157.

The Debtor's complaint does not contain factual allegations regarding why a foreclosure sale was scheduled, whether the Debtor was engaged in loss mitigation or

---

[2] The Complaint does not include a Count II.

3

loan modification discussions with the Defendant, or any other circumstances that could give context to her complaint.[3]

The crux of the Debtor's complaint (and the only fact it pleads with regard to the Defendant's liability) is that the Defendant's agent misled the Debtor when she misrepresented that the foreclosure sale scheduled for December 4 would not go forward. But for this misrepresentation, the Debtor alleges, she would have filed bankruptcy to stop the foreclosure sale and retain her Property. (Complaint, ¶¶ 11-14, 18-20). The Debtor asserts that the Defendant's misrepresentation was intentional and that the Defendant breached its "legal and equitable duties" to her. (Complaint, ¶ 18). The Defendant's conduct, she contends, "calls into question the validity of Defendant's execution of the entire foreclosure process." (Complaint, ¶ 13).

The Debtor seeks equitable relief and monetary damages. She requests rescission of the foreclosure sale so that she may retain the Property and cure the arrearage owed to the Defendant in her chapter 13 plan. She also seeks damages (actual or statutory depending on the cause of action), punitive damages, and attorney's fees. The Debtor requests a jury trial.

---

[3] According to the Defendant's Motion to Dismiss (Doc. 6 at 3-4), the Debtor and Tassey executed two loan modifications with respect to the note. After they defaulted on the terms of the second loan modification, the Defendant accelerated the debt and initiated foreclosure proceedings.

4

## II.     THE DEFENDANT'S MOTION TO DISMISS

The Defendant seeks dismissal of the complaint because it alleges that none of the counts state a claim upon which relief may be granted. FED. R. CIV. P. 12(b)(6) (made applicable by FED. R. BANKR. P. 7012).

A.  Standard for Dismissal

Rule 8 of the Federal Rules of Civil Procedure, *applicable under* Rule 7008 of the Federal Rules of Bankruptcy Procedure, provides that a claim for relief shall include "a short and plain statement of the claim showing that the pleader is entitled to relief" and that "[e]ach allegation must be simple, concise, and direct."

In *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), the Supreme Court explained that a claim must have "facial plausibility."  To meet this standard, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  The purpose of a motion to dismiss is not to resolve disputed facts or rule on the merits of the case; instead, it is to determine whether the plaintiff has provided notice of the grounds that entitle her to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 561 (2007).

A complaint must plead sufficient facts for the court to determine whether a legal theory exists on which relief may be granted.  But it is not the role of the court to search out such facts or re-plead the complaint.  *Peterson v. Atl. Housing Auth.,* 998 F.2d 904 (11th Cir. 1993).

The focus of the Court's inquiry is whether the facts alleged state a claim for relief.  To that end, "conclusory allegations, unwarranted factual deductions or legal

5

conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

 B. <u>The Defendant's Motion and the Debtor's Response</u>

 The Defendant contends, as a general matter, that the Debtor's complaint fails to set forth facts that could plausibly support any of the causes of action raised in the complaint. The Defendant asserts that much of the complaint is broadly conclusory and speculative or based upon unfounded accusations that anticipate the use of discovery to determine whether the claims are viable. In addition, the Defendant contends, specifically (and as discussed further herein), that each count is deficient because the complaint is devoid of facts to support the elements of each cause of action or is pled in such a convoluted way that it cannot frame a defense.

 The Debtor stands by her complaint as pled. She asserts that the core facts are that she relied on the Defendant's intentional misrepresentation that a foreclosure sale would not occur on December 4, 2018 and, had she not been misled, she would have filed bankruptcy to stop the foreclosure sale.

### III. LEGAL ANALYSIS

 As discussed further herein, the Court concludes that the Debtor's claims for wrongful foreclosure (Count I) and equitable rescission (Count VII) state claims for relief. The Court further concludes that the Debtor's claims under RESPA, HAMP, TARP, and EESA (Count III), breach of contract (Count IV), and violation of Georgia's foreclosure procedure (Count VI) fail to state claims upon which relief may be granted and must be dismissed. The Debtor's claim for failure to act in good

faith and to deal fairly (Count V) is redundant of Count I and is dismissed as duplicative.

### A.  Wrongful Foreclosure (Count I) and Equitable Rescission (Count VII)

The Court addresses Count I and Count VII together because they largely rely on the same elements, though one sounds in tort and the other in equity.

Under Georgia law, to prevail on a claim of wrongful foreclosure, a party must establish that:  (1) the foreclosing party owed her a legal duty, (2) the foreclosing party breached that duty; (3) a causal connection exists between the breach and the injury it caused; and (4) the plaintiff suffered damages as a result. *Racette v. Bank of Am., N.A.*, 318 Ga.App. 171, 174, 733 S.E.2d 457, 462 (2012).

Georgia law provides, "Powers of sale in deeds of trust, mortgages, and other instruments shall be strictly construed and shall be fairly exercised." O.C.G.A. § 23-2-114. Where a foreclosing party fails to "exercise the power of sale fairly and in good faith," it breaches its legal duty. *Racette*, 318 Ga.App. at 174, 733 S.E.2d at 462 (citing O.C.G.A. § 23-2-114); *see Rapps v. Cooke*, 246 Ga.App. 251, 253, 540 S.E.2d 241, 243 (2000) ("In exercising a power of sale, the foreclosing party is required only to advertise and sell the property in accordance with the terms of the instrument and to conduct the sale in good faith.").

Generally, where a grantee does not comply with the statutory duty to exercise fairly the power of sale in a deed to secure debt, the debtor may *either* seek to set aside the foreclosure or sue for damages for the tort of wrongful foreclosure. *See*

7

*Clark v. West*, 196 Ga.App. 456, 457, 395 S.E.2d 884, 885 (1990); *Curl v. First Federal Sav. & Loan, Ass'n.*, 243 Ga. 842, 843, 257 S.E.2d 264, 265 (1979).

The Debtor has asked for damages in tort (Count I) and equitable relief in the form of rescission of the foreclosure sale (Count VII).

With respect to the tort of wrongful foreclosure, the Defendant had a duty to "fairly" exercise its power of sale and conduct the foreclosure sale in good faith. The Debtor's assertion that a representative of the Defendant misrepresented to her that the December 4 foreclosure sale was cancelled satisfies elements 1 (the duty to fairly exercise the power of sale); element 2 (the breach); and element 3 (the loss of her Property) for purposes of this motion.

Whether the Debtor has suffered damages (element 4) is a tricky question. The Debtor asserts that her damages consist of the loss of her residence, deprivation of her right to file bankruptcy, and mental pain and anguish.

The damages for wrongful foreclosure are presumptively the Debtor's economic loss, *i.e.*, the value of her interest in the property. *Aetna Finance Co. v. Culpepper*, 171 Ga.App. 315, 319, 320 S.E.2d 228, 232 (1984) ("The measure of damages where a wrongful foreclosure has occurred is the full difference between the fair market value of the property at the time of the sale and the indebtedness to the seller if the fair market value exceeded the amount of the indebtedness.").

In this case, however, the Debtor's schedules show she has no equity in the Property. Arguably, the Debtor has not suffered a compensable loss.

8

Nevertheless, in some circumstances, Georgia Courts of Appeals have recognized that a plaintiff may recover damages for mental anguish in a wrongful foreclosure claim. *Blanton v. Duru*, 247 Ga.App. 175, 543 S.E.2d 448 (2000); *Clark v. West*, 196 Ga.App. 456, 395 S.E.2d 884 (1990). But at least one court, in dicta, has recognized that the Georgia courts' framework for awarding such damages is unsettled. *Blackburn v. BAC Home Loans Servicing, L*P, 914 F.Supp.2d 1316, 1329-1330 (N.D. Ga. 2012).[4]

Whether a plaintiff may recover such damages in tort absent an economic loss (i.e., the absence of equity) or at all is a legal issue not before the Court and not addressed by the parties. For purposes of the motion to dismiss, the Court concludes that the Debtor's assertion of damages for the loss of her home and for mental anguish survives a motion to dismiss for failure to state a claim for relief at this early stage of the case.

As an alternative remedy, the Debtor has requested "rescission" of the foreclosure sale.

With respect to the claim for rescission, the Defendant contends that the Debtor cannot state a claim for relief because she is not entitled to set aside the foreclosure sale without tendering the amounts due and owing on the loan. The Defendant cites *Taylor, Bean & Whitaker Mortg. Corp. v. Brown*, 276 Ga. 848, 850, 583 S.E.2d 844, 846 (2003), for the proposition that "the Georgia Supreme Court has

---

[4] As with any tort, recovery of such damages requires intentional and wrongful conduct.

9

repeatedly held that a party cannot 'come into equity without first paying or tendering any amounts admitted to be due.'" [Doc. 6 at 19].

While tender of amounts due may be the general rule, the Georgia Supreme Court has recognized that it is "not an absolute rule, especially where it is alleged that the foreclosing property procured the sale of the property through its own improper conduct." *Metro Atlanta Task Force for the Homeless, Inc. v. Ichthus Comm. Trust*, 298 Ga. 221, 236, 780 S.E.2d 311, 324 (2015) (*citing Benedict v. Gammon Theological Seminary*, 122 Ga. 412(3), 50 S.E. 162 (1905)).

The Court concludes that the Debtor's failure to tender the amounts due and owing on the loan, in light of the Debtor's allegation that the Defendant misrepresented the status of the foreclosure sale, does not require dismissal of the claim to set aside the foreclosure sale.

The Defendant also contends that the Debtor cannot state a claim for wrongful foreclosure if she is in default on the underlying debt obligation. The Court has reviewed the cases cited by the Defendant for this proposition and, assuming without deciding that this statement of the law is correct, the Court concludes that it is not determinative in this case.

In *Harvey v. Deutsche Bank Nat'l Trust Co.*, 2012 WL 3516477, at *2 (N.D. Ga. 2012), the Court dismissed the plaintiff's wrongful foreclosure claim on an unopposed motion to dismiss, concluding, "When the borrower cannot show that the alleged injury is attributable to the lender's acts or omissions, the borrower has no

claim for wrongful foreclosure. Failure to make the proper loan payments defeats any wrongful foreclosure claim."

Whether the Debtor's "injury" is attributable to the Defendant's "acts or omissions" is the question here and it is a mixed question of fact and law. The Court declines to conclude that the Debtor's failure to make loan payments, when coupled with the alleged representation by the Defendant that the foreclosure sale was cancelled when in fact it was not, mandates dismissal of the wrongful foreclosure claim at this time.

Although not artfully pled, the request for rescission in Count VII, combined with the facts alleged by the Debtor, are enough to state a claim for relief. While the Debtor is not entitled to both remedies (to the extent she is entitled to even one of them), she may plead alternative claims both in tort and in equity.

In sum, the Court concludes that the allegation that a representative of the Defendant caused her to believe that the December 4 foreclosure sale was cancelled such that she was misled into deferring the exercise of her legal rights to prevent it (by filing a Chapter 13 case) is sufficient to state claims for wrongful foreclosure and rescission of the foreclosure at this stage. Whether the Debtor can prove these facts are true and whether she can prove damages under any scenario are not proper inquiries at this time.

### B. Violations of RESPA, HAMP, TARP and EESA (Count III)

The Debtor contends that the Defendant's conduct violated the Real Estate Settlement Procedures Act ("RESPA"), the Home Affordability Modification Program ("HAMP"), the Troubled Asset Relief Program ("TARP"), and the Emergency Economic Stabilization Act of 2008 ("EESA") (collectively Count III).

The complaint's sparse allegations in Count III are that: the Defendant was "held to certain duties" under these statutes (Complaint, ¶ 23); the Defendant "generally violated the Dodd-Frank Act" (¶ 24); the Defendant's conduct will be "clearer after the parties have engaged in reciprocal discovery" and the Debtor does not have access to documents without discovery (¶¶ 25-26); and the Defendant is liable for these actions "either directly or via acting in concert and conspiring with the direct offender." (¶ 28).

The Debtor has failed to plead any facts that would permit the Court to conclude that the Debtor has facially plausible claims under these statutes. The Count III claims are devoid of any factual information, fail to identify what duties the Defendant owed to the Debtor under them, how the Defendant breached the duties, and, frankly, how the statutes are relevant at all to the circumstances of this case.

Not only has the Debtor failed to plead facts with respect to these claims, the Debtor lacks the authority to bring claims under some of these statutes.

The Eleventh Circuit has specifically held that "nothing express or implied in HAMP gives borrowers a private right of action." *Nelson v. Bank of America, N.A.*, 446 Fed.Appx. 158, 159 (11th Cir. 2011).

12

In reaching its conclusion, the *Nelson* court explained that HAMP was authorized by Congress as part of the Emergency Economic Stabilization Act of 2008 ("EESA"), *see* 12 U.S.C. § 5219a(a), which has the purpose of giving the Secretary of the Treasury the "authority and facilities" necessary "to restore liquidity and stability to the financial system of the United States." 12 U.S.C. § 5201(1). The Secretary is charged with, among other things, acting in a manner that "preserves homeownership and promotes jobs and economic growth." 12 U.S.C. § 5201(2)(B). EESA provides for oversight of the Troubled Assets Relief Program ("TARP") by the Comptroller General of the United States, 12 U.S.C. § 5226, and judicial review of the Secretary's actions, 12 U.S.C. § 5229(a)(1).

Given the Eleventh Circuit's conclusion that HAMP does not provide a private right of action to a borrower, one would be hard-pressed to conclude that either EESA or TARP does.

While RESPA, 12 U.S.C. § 2601 *et seq.*, does provide for private rights of action for borrowers, the statute is technical and complicated. The Debtor has failed to cite *any* facts for the court to determine whether a legal theory exists on which relief may be granted.

For the foregoing reasons, the Court concludes that the Debtor has failed to state claims upon which relief may be granted under RESPA, HAMP, TARP and EESA.

### C. Breach of Contract (Count IV)

The Debtor's breach of contract claim consists of three assertions: the Defendant has "contractual obligations in regards to reinstatement and foreclosure for which they have breached those obligations" (Complaint, ¶ 30); the Debtor's contractual obligations and satisfaction of them is not a precondition for the Defendant's obligations (¶ 31); and the Defendant is liable for these actions "either directly or via acting in concert and conspiring with the direct offender." (¶32).

The Court dismisses this Count for the simple fact that the Debtor has failed to identify the contract that the Defendant has breached. Has the Defendant breached the Security Deed? The Promissory Note? A loan modification?

The failure to identify the specific contract (the most basic of element for this claim), the failure to allege the "obligations," and the failure to allege the acts that constituted a "breach" require the conclusion that the complaint fails to state a claim for breach of contract.

### D. Failure to Act in Good Faith and Fair Dealing (Count V)

Count V of the Debtor's complaint, Failure to Act in Good Faith and Fair Dealing, consists of two assertions: "Defendant had a duty to act in good faith and enter into fair dealing" (Complaint, ¶ 34); and "Defendant failed to uphold these duties when it misled [Debtor]." (¶ 35).

This is a reiteration of the Debtor's claim for wrongful foreclosure. Because the Court has concluded that the Debtor's complaint states a claim for wrongful foreclosure, the Court will dismiss Count V as duplicative.

E.  Failure to Strictly Comply with Georgia's Foreclosure Procedure

   (Count VI)

The Debtor bases her claim for failure to strictly comply with Georgia's foreclosure procedure on four assertions: the Debtor was not present at the foreclosure sale to witness the actions of the Defendant or its agents because of its misrepresentation and does not have access to the Defendant's records without discovery (Complaint, ¶ 37); the Defendant's promise that the Debtor would not face foreclosure on December 4 "renders invalid any actions Defendant took which may be in compliance" with Georgia law (¶ 38); the Defendant's misrepresentations to her "would cause doubt in the mind of a reasonable trier of fact" as to whether it complied with the law (¶ 39); and "absence [sic] a valid foreclosure, the subject property is rightful [sic] the property of the debtor and is subject to her bankruptcy action." (¶ 40).

Georgia's foreclosure procedures are governed by O.C.G.A. § 44-14-162 *et seq*. The statute dictates the requirements for notice, advertisement, location, time, and conduct of sale.

Assuming a "claim" for failure to strictly comply with Georgia's foreclosure procedure is a cause of action, the Debtor has not asserted a plausible claim in this case. The Debtor's allegations are conclusory, vague, and speculative. Most importantly, they are not facts.

15

The Debtor has not alleged that the Defendant failed to advertise the sale, that the advertisement was defective, that the crying of the sale was improper, or any other procedural defect that would call the propriety of the sale into question.

The only facts pled with respect to this "claim" are that (1) the Debtor did not attend the foreclosure sale and (2) the Defendant "promised" her that she would not face foreclosure on December 4, 2018. Neither of these assertions goes to whether the Defendant complied with the legal requirements for conducting a foreclosure of real property in Georgia.

Instead, the gist of the Debtor's complaint is that the Defendant made an oral representation to her that the scheduled December 4, 2018 foreclosure sale was cancelled and that, but for this misrepresentation, she would have filed bankruptcy to prevent the sale. This is a claim separate and apart from whether the Defendant actually complied with Georgia law with respect to the sale.

The Court also specifically rejects the Debtor's contention that, if given the chance, discovery will bear out her factually deficient claims. The notion that a plaintiff can nominally assert a claim and then use discovery to ferret out whether it actually exists is not the way pleading or practice functions in federal court. *See McLaughlin v. Copeland*, 455 F.Supp. 749, 753 (D. Del. 1978) ("Having failed to state a claim upon which relief can be granted, [the plaintiff] is not entitled to discovery merely to determine whether or not additional, unasserted claims might exist. While a plaintiff is entitled to a full opportunity to adduce evidence in support of the cognizable claims set out in his complaint, he is not entitled to discovery for the

16

purpose of determining whether or not there may be a factual basis for a claim he has not made.").

Because the Debtor has asserted no facts to support a claim that the Defendant failed to strictly comply with Georgia's foreclosure procedures, Count VI is dismissed.

### IV.   CONCLUSION

The Court concludes that the Debtor's claims for wrongful foreclosure (Count I) and equitable rescission (Count VII) state claims for relief.  The Court further concludes that the Debtor's claims under RESPA, HAMP, TARP, and EESA (Count III),  breach of contract (Count IV), and violation of Georgia's foreclosure procedure (Count VI) fail to state claims upon which relief may be granted and are dismissed. The claim for failure to act in good faith and to deal fairly (Count V) is redundant of Count I and is dismissed as duplicative.

The Court observes, as a matter of caution to the Debtor, that her remaining claims are tenuous.  The Debtor has factual challenges (she has not identified the individual who made the representation or the date of the representation)  and significant legal challenges (the issue of damages and whether legal authority exists for undoing the foreclosure sale based on an oral representation, among others). Moreover, she has filed a change of address showing she now resides in Florida (Bankr. Case No. 19-40044, Doc. 17), a move that calls into question the purpose of this complaint.

The Court must address other issues in this proceeding. Although the Debtor asserts that her claims are "core proceedings" under 28 U.S.C. § 157(b)(2), they appear to be non-core. If these are not core proceedings, then this Court cannot enter final orders or judgments unless the parties consent. 28 U.S.C. § 157(c). In addition, the Debtor has made a jury trial demand which would necessitate referral to the District Court for trial. Finally, the progress of the Debtor's chapter 13 case hinges on the resolution of this complaint. Based on these issues, it is appropriate to schedule a status conference in this proceeding.

Based on, and in accordance with, the foregoing, it is hereby

ORDERED that the Defendant's motion to dismiss is granted in part and denied in part. Counts III, IV, and VI are dismissed for failure to state a claim upon which relief may be granted. Count V is dismissed as duplicative of Count I. It is

FURTHER ORDERED that the Defendant shall file an answer to paragraphs 1-14 and Counts I and VII within 14 days of the entry date of this Order. It is

FURTHER ORDERED AND NOTICE IS HEREBY GIVEN that the Court shall hold a status conference in this proceeding on **July 31, 2019**, at **11: 30 a.m.**, in Courtroom 342, U.S. Courthouse, 600 East First Street, Rome, Georgia.

**END OF ORDER**

**Distribution List**

W. Jeremy Salter
Salter & Salter, P.C.
PO Box 609
Rome, GA 30162

Marie Rene Laforest
2310 Bella Vista Way
Port Saint Lucie, FL 34952-2632

Gregory S. Krivo
McCalla Raymer Leibert Pierce, LLC
1544 Old Alabama Road
Roswell, GA 30076

Mary Ida Townson
Chapter 13 Trustee
Suite 2200
191 Peachtree Street, NE
Atlanta, GA 30303-1740